IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| KENNETH LEE BELL, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| VS. | : | NO. 5:04-CV-18 (WDO) |
| DR. OKUWOBI, *et al.*, | : | |
| | : | |
| Defendants | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | | **BEFORE THE U. S. MAGISTRATE JUDGE** |

# O R D E R

Before the court is the defendants' Motion in Limine which requests the court find the report of Dr. Thompson inadmissable (Tab #45); the plaintiff's Responses (Tabs #54, #55, #56 and #58); and the defendants' Reply to the plaintiff's Response (Tab #57). All of the filings on this specific issue are accompanied by supporting documents which are attached to the docketed tabs.

Basing their argument on the criteria set forth *Daubert v. Merrell Dow Pharmaceuticals,* 509 U.S. 579 (1993), the defendants claim that plaintiff's witness, Dr. Thompson, is not qualified to give expert testimony on the treatment of Hepatitis C (HCV). As a result of his lack of qualification, the defendants' Motion asks that his opinions, affidavits, and testimony should be excluded from the court's consideration of their Motion for Summary Judgment (Tab 35) under *Hudgens v. Bell Helicopters/Textron*, 328 F. 3d 1329 (11th Cir. 2003). The plaintiff's response refutes every prong of the *Hudgens* test.

In *Hudgens*, the Eleventh Circuit quoted *City of Tuscaloosa v. Harcros Chim., Inc.* 158 F. 3d 548 (11th Cir. 1998), holding that

> A three-pronged test controls the determination of whether expert opinion evidence is admissible. Admission is proper if (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert;* and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. (Internal punctuation and footnote omitted)

The first item which must be addressed is the subject matter which the proposed expert intends to address. Dr. Thompson's affidavits and reports contain statements concerning (1) the adequacy of treatment for HVC in the Georgia Penal System in general; (2) the adequacy of the plaintiff's treatment for HVC in that system in particular; and (3) the severity of HVC.

Dr. Thompson's affidavit states that, "it is my opinion as a medical professional that the policies for health services delivery at these prisons are not developed for proper and timely patient care but to save money and avoid expenses of standard medical care. . . ." Having spent nearly three years in the prison medical system in Georgia, Dr. Thompson is qualified to competently testify as to his opinion as to what the goals of the medical system are; therefore, the first prong of the *Hudgens* test is satisfied. There is no methodology involved in this analysis as it is an opinion formed after years of experience so the second prong test is inapplicable. This proffered opinion could not, however, assist the trier of fact as to whether or not the defendant doctors treated this individual plaintiff in this individual case with deliberate indifference. The record indicates every time the plaintiff was diagnosed or given treatment and exactly what kind of treatment was administered. As such, a broad generalization about Georgia prisons' health system is of no probative value and should not be admitted as evidence.

Dr. Thompson's affidavit states that "the treatment of [plaintiff's] Hepatitis C condition showed a conscious disregard for the risk imposed by the presence of Hepatitis C. . . ." Whether or not to admit this statement or other similar assertions into evidence turns on whether Dr. Thompson is qualified as an expert in the treatment of Hepatitis C. A review of Dr. Thompson's Curriculum Vitae shows that he specializes in Emergency Medicine; Dr. Thompson's affidavits reveal that his experience with HVC comes from seeing patients in the prison system as well as in private practice. The mere act of administering treatment to patients with a disorder does not qualify a physician as an expert in that field. Indeed, the plaintiff's Response to the Defendants' Motion in Limine (Tab #57) even states that Dr. Thompson's specialty "requires a *basic* knowledge of Gastrointestinal Disorders such as hepatitis" (emphasis added). The plaintiff does not aver that Dr. Thompson has any other *specialized* training in the field of HVC treatment but points to his experience in treating patients who have been infected with Hepatitis C.

2

As defendant witness Dr. Paris points out in his affidavit, "Dr. Thompson's CV reveals no credentials in the area of research, study, publishing, or education on HCV disease." The plaintiff's argument for admitting Dr. Thompson's expert testimony, therefore, is that he has a basic understanding of gastrointestinal disorders and experience in treating a number of patients with HVC. As a specialist in emergency medicine, Dr. Thompson is required to have a basic knowledge in a myriad of areas, and as a prison and emergency doctor, he no doubt saw and treated numerous infirmities, diseases, and injuries. It would follow that he would have a basic knowledge of, and experience with treating, a countless number of disorders. Such knowledge does not qualify him, however, to competently testify as an *expert* as to the specific treatment of every disorder with which he came in contact over his three years in the prison system or his years of experience in emergency medical clinics; such knowledge does not qualify him to competently testify as an *expert* in the field of HVC treatment. Accordingly, Dr. Thompson fails the first prong of the *Hudgens* test and his testimony on this topic will not be admitted.

The final area about which Dr. Thompson wishes to testify is the severity of Hepatitis C. Dr. Thompson's affidavit states that "infection with Hepatitis C virus is a serious medical need" and "patients having Hepatitis C viral infection constitute a substantial risk of serious harm if not property treated." The severity of diseases as common as Hepatitis C is common medical knowledge; therefore, testimony in that regard does not require expert knowledge of the disease. Thus, a *Hudgens* or *Daubert* analysis is not necessary when looking at the *admissibility* of these statements. Rather, it is only necessary to find if the statements are probative. The undersigned finds that such statements are probative, and his statements concerning to the severity of HCV will be considered.

3

Accordingly, IT IS ORDERED that the defendants' MOTION IN LIMINE (Tab #45) be **GRANTED** to the extent that Dr. Thompson's affidavits deal with the *treatment* of HVC, both in the plaintiff's specific case and in the Georgia penal system in general, and **DENIED** to the extent that Dr. Thompson's statements deal with the *severity* of Hepatitis C.

SO ORDERED this 14th day of MARCH, 2005.



                                                CLAUDE W. HICKS, JR.
                                                UNITED STATES MAGISTRATE JUDGE